**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT JACKSON**
**JANUARY 1998 SESSION**

| | | |
|---|---|---|
| **MICHAEL L. SOUTH,** | ) | |
| | ) | |
| Petitioner, | ) | **C. C. A. NO. 02C01-9701-CR-00029** |
| | ) | |
| vs. | ) | **SHELBY COUNTY** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | **No. P-17556** |
| | ) | |
| Respondent. | ) | |

**FILED**

January 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

This case represents an appeal from the dismissal of the petitioner's second petition for post-conviction relief. The petitioner was originally convicted of aggravated rape and aggravated robbery, and received consecutive sentences of sixty and thirty years respectively. The petitioner also alleges that he was convicted of aggravated burglary and theft. On appeal, this Court affirmed the convictions of aggravated rape and aggravated robbery; the petitioner apparently did not appeal the other two convictions. State v. Michael R. South, No. 02C01-9209-CR-00203 (Tenn. Crim. App., Sept. 15, 1993). The Supreme Court denied application for permission to appeal on March 7, 1994.

After an evidentiary hearing, the petitioner's first post-conviction petition alleging ineffective assistance of counsel was denied by the trial court on or about January 18, 1996. This Court affirmed the denial on appeal. Michael South v. State, No. 02C01-9609-CR-00312 (Tenn. Crim. App., Feb. 27, 1997). On September 30, 1996, the petitioner filed this, his second petition for post-conviction relief. The trial court dismissed the petition without a hearing, and the case is now before us on appeal.

T.C.A. § 40-30-202(c) (1996 Supp.) provides that no more than one petition for post-conviction relief may be filed attacking a single judgment, and mandates that the trial court shall summarily dismiss any second or subsequent petition

if a prior petition was filed and resolved on the merits by a court of competent jurisdiction. Since the petitioner previously filed a petition that was resolved on the merits by the trial court, the petitioner's second petition was properly dismissed. Moreover, T.C.A. § 40-30-206(c) (1996 Supp.) states that the trial court shall dismiss any subsequent petition if it appears a prior petition is already pending in the Court of Criminal Appeals. At the time the petitioner filed his second petition in the trial court, his first petition was on appeal to this Court. For these reasons, the petitioner's second petition for post-conviction relief was properly dismissed.

We conclude, therefore, that the trial court did not err in dismissing the petitioner's second petition for post-conviction relief. Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of January, 1998.

_____
DAVID G. HAYES, JUDGE

CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
JOE G. RILEY, JUDGE

2